**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>      Plaintiff,<br><br>vs.<br><br>Jorge Luis Peinado-Sotomayor,<br><br>      Defendant. | No. CR-18-01388-01-PHX-SPL<br><br>**ORDER** |

  The Court has received Defendant Jorge Luis Peinado-Sotomayor's Motion for Compassionate Release (Doc. 77), the Government's Response (Doc. 79), the sealed exhibits to the Response (Doc. 83), and Defendant's Reply (Doc. 84).

  The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows the Court to reduce a sentence based on "extraordinary and compelling reasons." This Court has adopted a four-factor test when determining whether to grant motions for release on COVID-19 grounds. *United States v. Steinbart*, No. CR-20-004-850-1-PHX-SPL, 2020 WL 7123027, at *3 (D. Ariz. Dec. 4, 2020) (citing *United States v. Terrone*, 454 F. Supp. 3d 1009, 1022 (D. Nev. 2020)). The Court considers the four following factors:

    (1) the original grounds for the defendant's … detention;

    (2) the specificity of the defendant's stated COVID-19 concerns;

    (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant; and

> (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*Id.* Here, Defendant seeks release due to his "increased risk of serious illness or death from the Covid-19 pandemic" since he is "an overweight Hispanic man, who was previously infected with Covd-19." (Doc. 77 at 1-2). Where an inmate has been previously infected with COVID-19, this Court finds the first two factors of the *Terrone* test particularly relevant. *See, e.g.*, *United States v. Martinez*, No. CR-18-023-901-PHX-SPL, 2021 WL 718208, at *1 (D. Ariz. Feb. 24, 2021 (departing from the four-factor test where "Defendant previously tested positive for COVID-19" and is therefore "unlikely to spread of contract COVID-19 again," but also noting that the defendant is "a danger to the community").

Defendant is serving a 135-month sentence for distribution and possession with intent to distribute methamphetamine. (Doc. 63). Defendant admitted not only to selling 2.2 kilograms of methamphetamine, but also to providing counter-surveillance when his co-conspirators sold 1,000 fentanyl pills to an undercover agent. (Doc. 79 at 2). Defendant also previously served a four-year sentence for armed robbery, where he approached a vehicle in another car with an AK-47 style rifle and threatened to shoot him if he did not pay for damage done to his vehicle in the collision. (Doc. 79 at 2). Considering these charges together, the Court finds the Defendant is a danger to the community.

Defendant's stated COVID-19 concerns are his weight and his prior COVID-19 infection. (Doc. 77 at 15-16). Defendant is 5' 9" and weighs 195 pounds. (Doc. 77 at 15). With a BMI of 28.8, Defendant is just barely overweight. Furthermore, Defendant is only 31 years old, and is described in his PSR as being "in good physical health." (Doc. 79 at 2). Defendant recovered well from his COVID-19 infection with no serious illness developing. (Doc. 83). "[A]bsent a specific showing that the defendant himself remains susceptible to reinfection, a previous diagnosis of COVID-19 cuts against a finding of extraordinary and compelling reasons." *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021). Because Defendant has already contracted the COVID-19 virus, he is unlikely to spread or contract COVID-19 again, at least any time soon. *See*

*United States v. Gouveia*, No. CR 08-00739-SOM-2, 2020 WL 6065299, at *5 (D. Haw. Oct. 14, 2020) (detailing CDC findings on COVID-19 reinfection and denying compassionate release to an inmate who had previously tested positive for COVID-19 for failing to show extraordinary and compelling reasons under § 3582(C)(1)(A)). Accordingly, Defendant's COVID-19 concerns do not weigh in favor of release.

Weighing the fact that Defendant is a danger to the community together with the fact that he has not shown a susceptibility to COVID-19 reinfection, the Court does not find extraordinary and compelling reasons under 18 U.S.C. § 3582(C)(1)(A)(i).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 77) is **denied**.

Dated this 23rd day of March, 2021.

Honorable Steven P. Logan
United States District Judge